FILED
2011 Dec-01  PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| Intersport, Inc. and Double Eagle Club, Inc., ) ) ) ) | |
|        Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION NO. _____ |
| T-Town Tickets LLC, ) ) ) ) ) | |
|        Defendant. | |

## COMPLAINT

Intersport, Inc. ("Intersport") and Double Eagle Club, Inc. ("Double Eagle") (collectively "Plaintiffs") hereby serve their Complaint on T-Town Tickets LLC ("T-Town").

## PARTIES

1.    Intersport is an Illinois corporation.

2.    Double Eagle is a Georgia corporation.

3.    T-Town is an Alabama limited liability company.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, 1367.  The parties are completely diverse and the amount in controversy exceeds the minimum required under § 1332.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because T-Town resides in this district, a substantial part of the events or omissions giving rise to the claims in the complaint occurred in this district, and T-Town is subject to personal jurisdiction in this district.

## FACTS

6.      Intersport and Double Eagle are in the business of creation of sports and entertainment-based marketing platforms.  As part of their business, they purchase tickets to prominent sporting events.

7.      T-Town is in the business of, among other things, selling sporting events tickets.  It sells tickets to companies like the Plaintiffs and others.

8.      The parties have previously done business together on multiple occasions.  For example, Intersport and/or Double Eagle have purchased tickets from Defendant to the NCAA's Men's Basketball Final Four, NCAA Men's Basketball Tournament, NCAA Women's Basketball Tournament, Practice Rounds for the Masters Golf Tournament, the 2010 Masters Golf Tournament, professional baseball games, NBA games, and the US Open from T-Town.  Plaintiffs generally worked with Defendant's authorized representative Raymond "Lucky" Wells.

9.      On or about April 17, 2011, Intersport ordered and paid $10,000.00 for three tickets to the 2011 Rugby World Cup, which ended on October 23, 2011 (the "Rugby Tickets").

10.    In May 2011, Double Eagle ordered and paid $80,000.00 for 40 2012 Masters Tournament Round Badges ("Masters Badges").

11.    Defendant cashed both checks from Plaintiffs, totaling $90,000.00.

12.    Defendant failed to provide the Rugby Tickets it was obligated to provide.

13.    Defendant has also told the Plaintiffs that it will not provide the Masters Badges for which it has already been paid - a copy of the cashed check is attached as Exhibit A hereto.

14.    Defendant took Plaintiffs' money but has failed or refused to meet its obligations.  Defendant has also failed even to return the $90,000.00 it accepted from the Plaintiffs.

15.    The Plaintiffs have done business with T-Town through Mr. Wells a number of times before, and T-Town accepted payments from Plaintiffs.

## COUNT ONE - BREACH OF CONTRACT

16.    Plaintiffs hereby adopt, restate, and re-allege paragraphs 1-15 above as if fully set forth herein.

17.    Plaintiffs and Defendant entered into a contract in which Defendant agreed to provide forty (40) Masters 4 Day Badges for the 2012 Masters Golf Tournament and three (3) 2011 Rugby World Cup tickets.  The parties' agreement constitutes a lawful, valid, and binding contract between them.

18.   Plaintiffs performed all of their obligations under the contract.

19.   Defendant has breached the contract by failing to provide the Rugby World Cup tickets and informing Plaintiffs that it does not intend to provide the Master Badges for which Double Eagle has already paid.

20.   As a direct, proximate, and foreseeable result of Defendant's breach of the contract as described herein, Plaintiffs have been and/or will be injured and damaged, and will continue to suffer such injuries and incur such damages.

WHEREFORE, Plaintiffs request that this Court enter a judgment in favor of Intersport and Double Eagle and against T-Town, and award compensatory, equitable, legal, and other relief to which Plaintiffs may be entitled, including, but not limited to, court costs and interest.

## COUNT TWO - UNJUST ENRICHMENT

21.   Plaintiffs hereby adopt, restate, and re-allege paragraphs 1-15 above as if fully set forth herein.

22.   Defendant has received money that in equity and good conscience should be returned to Plaintiffs.

23.   Defendant has been unjustly enriched at the expense of, and to the detriment of, the Plaintiffs.

WHEREFORE, Plaintiffs request that this Court enter a judgment in favor of Intersport and Double Eagle and against T-Town, and award Plaintiffs

1963333 v2                                         4

compensatory, equitable, legal, and other relief to which they may be entitled, including, but not limited to, court costs and interest.

## COUNT THREE - INTERFERENCE WITH BUSINESS RELATIONS

24.   Plaintiffs hereby adopt, restate, and re-allege paragraphs 1-15 above as if fully set forth herein.

25.   Plaintiffs have business relationships based on providing tickets to their customers.

26.   Defendant is aware of the business relationship Plaintiffs have with their customers based on procuring and providing tickets.

27.   Defendant has intentionally interfered with Plaintiffs' business relationships by falsely representing that it could and would procure forty (40) Masters Badges for the 2012 Masters and three (3) tickets for the 2011 Rugby World Cup and subsequently refusing to provide those tickets.

28.   Defendant has no justification for interfering with Plaintiffs' business relationships.

29.   Plaintiffs suffered damage as a proximate consequence of the Defendant's interference.

WHEREFORE, Plaintiffs request that this Court enter a judgment in favor of Intersport and Double Eagle and against T-Town, and award Plaintiffs

compensatory, punitive, equitable, legal, and other relief to which they may be entitled, including, but not limited to, court costs and interest.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs demand all damages and other relief to which they may be entitled, including without limitation compensatory damages, punitive damages, court costs, and interest.

Dated: December 1, 2011.

/s/*Victor L. Hayslip*
Victor L. Hayslip (HAY019)
Benjamin B. Coulter (COU027)

Attorneys for Plaintiffs
INTERSPORT, INC. AND DOUBLE EAGLE
CLUB, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
bcoulter@burr.com

**Defendant to be served by certified mail at:**
T-TOWN TICKETS LLC
c/o CSC LAWYERS INCORPORATING SVC INC
150 SOUTH PERRY ST
MONTGOMERY, AL 36104

# EXHIBIT A

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**DOUBLE EAGLE CLUB, INC.**
(312) 661-0010
29 WEST KINZIE  SUITE 1000
CHICAGO, IL 66654

JP MORGAN CHASE BANK, N.A.
CHICAGO, IL 60670

2-1/710

3681

Memo

| | CHECK NO. | DATE | AMOUNT |
|---|---|---|---|
| Eighty Thousand and 00/100 Dollars | 3681 | May 11, 2011 | $80,000.00 |

TO THE
ORDER
OF

T-TOWN TICKETS
2123 9TH ST
STE 201
TUSCALOOSA, AL

*Charles N Rene*

AUTHORIZED SIGNATURE

SECURITY FEATURES INCLUDED. DETAILS ON BACK.

6268

[Account        6268 Posting Date :2011-05-13 Check Number :000000003681]